IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MENDOZA CRUZ,<br>    Petitioner, | : <br> : <br> : | |
| v. | : <br> : | Civil No. 2:26-cv-01234-JLS |
| MICHAEL T. ROSE, *et al.*,<br>    Respondents. | : <br> : | |

**ORDER**

**AND NOW**, this 10th day of March, 2026, upon consideration of Jose Mendoza Cruz's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Jose Mendoza Cruz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Jose Mendoza Cruz from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on Friday, March 13, 2026;

3. If the Government chooses to pursue re-detention of Jose Mendoza Cruz pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

    4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**

---

[1] Mr. Mendoza Cruz has continuously resided in the United States for nearly six years. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, ¶ 1). He entered without admission or inspection on April 28, 2020, seeking asylum after facing persecution for his sexual orientation and suffering the loss of family members to gang violence in Honduras. (*Id.* at ¶ 2; *see* Ex. B, Notice to Appear). Mr. Mendoza Cruz encountered U.S. Border Patrol upon entering the United States and was released on recognizance "in accordance with section 236 [8 U.S.C. § 1226] of the Immigration and Nationality Act" the next day, April 29, 2020. (*See id.*, Ex. D, Form I-220A, Order of Release on Recognizance). He timely filed an application for asylum with United States Citizenship and Immigration Services ("USCIS"). (*See id.*; Exh. E, Petitioner's Form I-797C, Notice of Action, Receipt Notice for Form I-589). ICE arrested Mr. Mendoza Cruz during a routine check-in. (*Id.* at ¶ 5).

    The Government's arguments are familiar. The Government maintains that Mr. Mendoza Cruz is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Mendoza Cruz's mandatory detention without the opportunity for a bail hearing is unlawful.